Bessie N. Rankin v. Commissioner.
Rankin v. Commissioner
Docket No. 62384.
United States Tax Court
T.C. Memo 1958-119; 1958 Tax Ct. Memo LEXIS 108; 17 T.C.M. (CCH) 641; T.C.M. (RIA) 58119; June 26, 1958
Lloyd Goman, Esq., 507-9 Welsh Street, Chester, Pa., for the petitioner. George H. Bowers, Jr., Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income tax of petitioner for the years 1952, 1953 and 1954 in the respective amounts of $1,436.88, $1,478.82 and $1,438.12. The sole issue for decision is whether respondent has erred in including in petitioner's gross income for each of those years the amount of $6,500 as alimony paid for her support and maintenance under a decree of separate *109 maintenance. The facts are fully stipulated and are so found. Petitioner was, during each of the years at issue, married to Robert L. Rankin. For each year each filed a separate individual income tax return with the director at Philadelphia, Pennsylvania. No divorce proceedings are now pending between petitioner and her husband and none has ever been instituted between them. They have been married since October 2, 1919. Petitioner left Robert August 16, 1951, and has not since lived with him. On October 19, 1951, petitioner instituted suit against Robert for her support and maintenance. The suit was brought in The Court of Quarter Sessions of the Peace in and for Delaware County, Pennsylvania, under the Act of June 24, 1939, P.L. 872, sec. 722, Pa. Stat. Ann., tit. 18, sec. 4733. On the same date the court issued its order for support ordering Robert to pay petitioner $125 per week for her support and maintenance. Robert appealed from the order to the Superior Court of Pennsylvania, which court, on April 16, 1952, affirmed the order of the lower court. Robert thereupon filed a petition for the allowance of an appeal with the Supreme Court of Pennsylvania, which court in a "per *110 curiam" opinion dismissed his petition. During each of the years at issue, however, Robert continued to make weekly payments of $125 to petitioner in pursuance of the original court order. No separation agreement, either written or oral, has ever existed between petitioner and Robert. We have decided in Robert L. Rankin, Docket No. 63379, a memorandum opinion filed at even date herewith, that the amounts paid petitioner, here at issue, are not deductible from his income under section 23(u) of the 1939 Code and section 215(a) of the 1954 Code. That decision is dispositive of this issue and we therefore hold that the amounts are not includible in petitioner's income under section 22(k) of the 1939 Code and section 71(a)(1) of the 1954 Code. Decision will be entered for the petitioner.